**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | |
|---|---|
| **TIMBER CREEK CASUALTY INSURANCE, A RISK RETENTION GROUP**<br>      *Plaintiff,*<br><br>**VERSUS**<br><br>**MIRIAM J CASTILLO TRANSPORT LLC, MINNIE M. BARRIOS, ELDA RAMOS GARCIA, and SAN JUANITA CARDENAS**<br>      *Defendants.* | **CIVIL ACTION**<br>**FILE NO.** _____ |

**COMPLAINT OF TIMBER CREEK CASUALTY INSURANCE**
**FOR DECLARATORY JUDGMENT**

Plaintiff, Timber Creek Casualty Insurance, A Risk Retention Group ("Timber Creek"), through undersigned counsel, hereby files this Complaint for Declaratory Judgment and respectfully moves this Honorable Court, pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 – 2202, to enter a Declaratory Judgment against Defendant, Miriam J Castillo Transport, LLC, and in support thereof, alleges as follows:

**NATURE OF THE ACTION**

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201. Timber Creek seeks a judgment declaring that it has no duty to defend or indemnify Miriam J. Castillo Transport LLC in connection with an underlying lawsuit pending in the Texas State Court for the 343rd District, San Patricio County, styled *Minnie M. Barrios, Elda Ramos Garcia and San Juanita*

00779610

*Cardenas vs. David Gonzalez, Anyer Gamez Guedes, L & L Ag Works, LLC, and Miriam J Castillo Transport LLC*, Cause No. S-25-5774CV-C.

## THE PARTIES

2.      Timber Creek is a corporation organized and existing under the laws of Alabaman and has its principal place of business in Alabama. Timber creek is therefore a citizen of Alabama for purposes of jurisdiction and voluntarily submits to jurisdiction in this Court for purposes of this action.

3.      Upon information and belief, at all times hereinafter mentioned, Miriam J. Castillo Transport LLC is a limited liability company created under the laws of Texas and with its principal place of business in Texas.

4.      Upon information and belief, at all times hereinafter mentioned, Minnie M. Barrios is an individual residing and domiciled in San Patricio County, Texas.

5.      Upon information and belief, at all times hereinafter mentioned, Elda Ramos Garcia is an individual residing and domiciled in San Patricio County, Texas.

6.      Upon information and belief, at all times hereinafter mentioned, San Juanita Cardenas is an individual residing and domiciled in San Patricio County, Texas.

7.      Pursuant to Federal Rules of Civil Procedure, Rule 19, Minnie Barrios, Elda Ramos Garcia, and San Juanita Cardenas are named only as a nominal parties herein, since any judgment in this action regarding insurance coverage may affect their rights in the Action.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amount in controversy exceeds the sum of $75,000, exclusive of costs.

9.      Venue is appropriate in the United States District Court for the Southern District of Texas, Corpus Christi Division, pursuant to 28 U.S.C. § 1391 based both on defendant residence and on the location of the accident made subject of the Action.

10.      This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The dispute between the parties with respect to Miriam J. Castillo Transport LLC's entitlement to coverage for the Action under insurance policies issued by Timber Creek creates a justiciable controversy.

11.      On information and belief, Miriam J. Castillo regularly conduct business within the state of Texas.

12.      There is an actual controversy between the parties concerning whether Timber Creek has a duty to defend or indemnity Miriam J. Castillo Transport LLC in the Action.

## SUBSTANTIVE ALLEGATIONS

**A.      The Action**

13.      Minnie M. Barrios, Elda Ramos Garcia, and San Juanita Cardenas commenced the Action against David Gonzalez, Anyer Gamez Guedes, L & L Ag Works, LLC, and Miriam J. Castillo Transport LLC by filing a Petition in the Texas State Court for the 343rd District, San Patricio County ("the Petition").

14.      The Petition alleges that, on October 11, 2025, Minnie M. Barrios, with Elda Ramos Garcia and San Juanita Cardenas as passengers, was operating her vehicle on US Highway 77 in Odem, Texas, and were stopped at a railroad crossing at the time of the accident.

15.      The Petition maintains that David Gonzales, driving a 2015 Freightliner, was stopped at the same railroad crossing in front of Plaintiffs.

3

16. The Petition alleges that David Gonzales caused an accident when he reversed his vehicle and collided with Minnie Barios's vehicle.

17. The Petition alleges that the Plaintiffs suffered injuries and damages as a result of the collision.

18. The Petition asserts that David Gonzales was negligent in his operation of the 2015 Freightliner in multiple respects, including violations of the Texas Transportation Code, failure to maintain a proper lookout, failure to apply brakes, failure to maneuver to avoid the collision, failure to perform proper pre- and post-trip inspections, failure to properly maintain the vehicle, driving while fatigued, and violations of the Federal Motor Carrier Safety Regulations.

19. The Petition further alleges that Anyer Gamez Guedes was the owner of the 2015 Freightliner that David Gonzales was driving at the time of the accident, and that L & L Ag Works, LLC was the owner of the 2020 Armor Lite trailer that David Gonzales was pulling at the time.

20. The Petition also alleges that Anyer Gamez Guedes, L & L Ag Works, LLC, and Miriam J Castillo Transport, LLC are liable to Plaintiffs for the negligence of David Gonzales as their purported employee in the course and scope of his employment at the time of the accident.

21. The Petition further alleges direct liability against L & L Ag Works, LLC, Anyer Gamez Guedes, and Miriam J. Castillo Transport, LLC on the assertion that they were individually negligent in multiple respects, including claims of negligent entrustment of the vehicle, negligent hiring and retention, negligent training, negligent supervision, negligent maintenance of the vehicle, and violations of the Federal Motor Carrier Safety Regulations.

22. The Petition asserts that Minnie M. Barrios suffered damages including medical care and expenses, physical pain and suffering, mental anguish, physical impairment, lost wages, lost earning capacity, disfigurement, and property damages.

4

23.    The Petition asserts that Elda Ramos Garcia suffered damages including medical care and expenses, physical pain and suffering, mental anguish, physical impairment, lost wages, lost earning capacity, and disfigurement.

24.    The Petition asserts that San Juanita Cardenas suffered damages including medical care and expenses, physical pain and suffering, mental anguish, physical impairment, lost wages, lost earning capacity, and disfigurement.

**B.    The Timber Creek Policy**

25.    Timber Creek issued a Business Auto Policy to Miriam J. Castillo Transport, LLC, bearing policy number TCC-TX00098157, which was set to go into effect on July 29, 2025 ("the Policy"). The Policy would have provided coverage for liability arising out of the ownership, maintenance, or use of a 2016 Freightliner vehicle bearing VIN number 1FUJGLD53GLHH1186, subject to a limit of $500,000 and a $5,000 deductible.

26.    The Policy included an MCS-90 Non-Compliance Endorsement, which provides, in pertinent part:

> In consideration of the premium charged, it is agreed that as respects any Claim under this Policy for which coverage is also provided by one (1) or more other policies issued by the Insurer, an affiliate thereof, or by any other member of what is commonly referred to as "Timber Creek Insurance Company Inc., A Risk Retention Group (TCCI)" under the MCS-90 which states that it "covers all vehicles owned, operated, or maintained by the insured regardless of whether or not each motor vehicle is specifically described in the policy." However, if a claim is paid by TCCI under the MCS-90 provision of this policy then, TCCI may recoup its losses by subrogating the claims paid against the motor carrier and/or a premium penalty of up to 200% of the original premium cost per auto not listed at the time of inception of the TCCI policy. It is so vitally important to have all equipment listed on the schedule of the TCCI policy.

***

27.    However, Miriam J. Castillo Transport, LLC, did not pay the premiums on the policy, resulting in said policy being cancelled effective September 19, 2025, with Notice of Cancellation sent to Miriam J. Castillo Transport, LLC.

28.    Upon receipt of notice of the claim by Plaintiffs, Timber Creek issued a denial letter on October 31, 2025, notifying them that no policy was in effect for Miriam J. Castillo Transport, LLC.

**AS AND FOR A CLAIM FOR RELIEF AGAINST DEFENDANTS**

**COUNT I**

29.    Timber Creek repeats and reiterates the allegations contained in paragraphs "1" through "28" above as if more fully set forth herein.

30.    The Policy issued in favor of Miriam J. Castillo Transport, LLC, was cancelled effective September 19, 2025.

31.    Given that the accident made subject of the Petition occurred on October 11, 2025, no coverage in favor of Miriam J. Castillo Transport, LLC, existed, and Timber Creek has no duty to defend them in the Action.

**COUNT II**

32.    Timber Creek repeats and reiterates the allegations contained in paragraphs "1" through "31" above as if more fully set forth herein.

33.    To the extent any party may argue coverage under the MCS-90 Endorsement, the claims asserted by Plaintiffs in the Action are excluded because the Policy's MCS-90 Non-Compliance Endorsement does not apply.

6

34.     The MCS-90 is a federally mandated endorsement, designed to apply in the context of interstate motor carrier operations. At the time of the accident, David Gonzales was using the vehicle exclusively in intrastate commerce.

35.     Given that the accident involved only intrastate operations, Timber Creek has no duty to defend or indemnify Miriam J. Castillo Transport, LLC in the Action.

**WHEREFORE**, Timber Creek respectfully requests and is entitled to:

a.      A judgment declaring that Timber Creek has no duty to defend or indemnify the Defendants in connection with the Action; and

b.      For such other and further relief as the Court deems just and proper.


Dated: March 19, 2026

Respectfully submitted,

IRWIN FRITCHIE URQUHART MOORE & DANIELS LLC

/s/ Alex E. Mouhot
Alex E. Mouhot (TX Bar Roll No. 24148692)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Tel: (225) 615-7150
Fax: (225) 615-7179
amouhot@irwinllc.com

**Counsel for Timber Creek Casualty Insurance, A Risk Retention Group**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of March, 2026, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the court's electronic filing system.


/s/ Alex E. Mouhot